

Villanova University School of Law
Villanova University School of Law Digital Repository

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-19-2004

# Senthuran v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3917

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

## Recommended Citation

"Senthuran v. Atty Gen USA" (2004). *2004 Decisions.* Paper 996.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/996

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 02-3917

SIVALINGAM SENTHURAN,

Petitioner

v.

JOHN ASHCROFT, Attorney General
of the United States

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(INS No. A 78-527-791)

Submitted Under Third Circuit LAR 34.1(a)
September 19, 2003

Before: McKEE, SMITH, *Circuit Judges*, and SCHILLER,*
*District Judge*

(Filed: February 19, 2004)

OPINION OF THE COURT

SMITH, *Circuit Judge*.

Sivalingam Senthuran, a native of Sri Lanka, filed an application on October 23,

* The Honorable Berle M. Schiller, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

2001 for asylum and for withholding of removal under the Immigration and Nationality Act ("INA"), claiming that the Sri Lankan army had arrested and tortured him in 1998 by beating him with plastic pipes filled with sand. He also claimed that he was mistreated in 1997 by the Liberation Tigers of Tamil Ealam ("LTTE"), a rebel organization in Sri Lanka. The initial hearing before the Immigration Judge ("IJ") was continued to afford Senthuran an opportunity to have the asylum application explained in his native language of Tamil. Thereafter, Senthuran's counsel filed several corrections to his application.

During a subsequent hearing, Senthuran acknowledged that his asylum application had been explained to him in Tamil since the first hearing. In addition, he affirmed that the application, as amended, was true and correct. His testimony, however, differed dramatically from his asylum application by, *inter alia*: (1) claiming that his first contact with the LTTE was in 1995, as opposed to 1997; (2) omitting any claim of mistreatment by the LTTE; (3) claiming that his arrest and torture by the Sri Lankan army occurred in 1997, instead of 1998; and (4) affirming that the torture he sustained at the hands of the Sri Lankan army also included hanging him upside down and dipping his head in a pool of water.

At the conclusion of the hearing, the IJ rendered an oral opinion denying Senthuran's application for asylum and for withholding of removal under the INA, as well as his request for relief under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment ("Convention

2

Against Torture" or "CAT"). The IJ identified numerous inconsistencies between Senthuran's application and his testimony and concluded that Senthuran was not credible. Although Senthuran's counsel had tried to rehabilitate Senthuran during re-direct, the IJ pointed out that Senthuran had hurt his case by attempting to blame his counsel for the discrepancies even though Senthuran had affirmed at the beginning of the hearing that his asylum application, as amended, was true and correct.

The Board of Immigration Appeals ("BIA") affirmed the IJ's decision without opinion pursuant to its streamlining regulations in 8 C.F.R. § 3.1(e)(7) (2002). This timely petition for review followed, asserting that the BIA's disposition under the streamlining regulations denied Senthuran the right to meaningful appellate review and that the IJ's decision was not supported by substantial evidence.[1]

Senthuran's challenge to the streamlining regulations is without merit. We have recently held that the streamlining regulations are neither contrary to the INA, nor offensive to the due process clause. *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) (en banc).

When the BIA employs its streamlining procedures, "we review the IJ's opinion and scrutinize its reasoning." *Id.* Our review is limited to determining whether there is substantial evidence to support the IJ's decision. *Id.* at 247. This requires that we

---

[1]The IJ appropriately had jurisdiction pursuant to 8 C.F.R. § 208.2(b) (2001). The BIA had appellate jurisdiction pursuant to 8 C.F.R. § 3.1(b) (2002). We exercise appellate jurisdiction pursuant to § 242(b) of the INA. 8 U.S.C. § 1252(b).

determine whether a reasonable fact finder could make the same determination as the agency based on the administrative record. If so, there is substantial evidence to support the finding. *Id.* at 249.

In *Dia*, we reitereated that the substantial evidence standard also applies to adverse credibility determinations. *Id.*; *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002). The focus is on whether the IJ's adverse finding "is supported by evidence that a reasonable mind would find adequate" to support that determination. *Dia*, 353 F.3d at 249. Specific reasons should be given for finding a witness not credible, *id.*, and those "reasons must bear a legitimate nexus to the finding." *Balasubramanrim v. INS*, 143 F.3d 157, 162 (3d Cir. 1998).

After a thorough review of the record, we conclude that there is ample support for the IJ's adverse credibility determination and denial of Senthuran's application for asylum, for withholding of removal and for relief under the CAT. The IJ's analysis was thorough and well reasoned. We will affirm.

4